EFFRON, Judge
(concurring in part and dissenting in part):
In the present case, trial counsel elicited testimony concerning appellant’s post-apprehension silence, and then asked the court-martial members to view appellant’s silence as reflecting consciousness of guilt. I agree with the majority’s determination that trial counsel’s comments violated the protections against self-incrimination in the Fifth Amendment, U.S. Const, amend. Y, and Mil. R.Evid. 304(h)(3), Manual for Courts-Martial, United States (2000 ed.), and that the comments were prejudicial with respect to the charge of attempted premeditated murder. I respectfully disagree with the majority’s suggestion that this error may have been harmless with respect to lesser included offenses.
In the face of such a constitutional violation, the burden is on the Government to demonstrate that the error was harmless beyond a reasonable doubt. See 57 MJ at 200 (citing Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). Under Chapman, an appellate court must determine “whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.” Chapman, 386 U.S. at 23, 87 S.Ct. 824.
The record of trial demonstrates that the Government has failed to show that the error was harmless beyond a reasonable doubt. The testimony concerning appellant’s silence established that appellant did not respond when law enforcement officials informed appellant that he was being arrested for an “alleged assault.” Trial counsel’s subsequent argument that appellant’s silence indicated “consciousness of guilt” encouraged the members to infer guilt on the grounds that appellant’s silence amounted to a confession that he had attacked his wife on the day in question. Given the powerful nature of such evidence, the Government faces a very high hurdle in terms of demonstrating that the error was harmless beyond a reasonable doubt. In this case, the Government’s challenge is made all the more difficult by the military judge’s comments. Instead of giving a proper curative instruction, the military judge validated trial counsel’s argument by opining that it was a “fair comment on the state of the evidence.”
The prejudicial impact of the error is underscored by the fact that trial counsel did not limit his argument concerning “consciousness of guilt” to the element of intent. The improper argument was made while' trial counsel was discussing appellant’s opportunity to commit the attack on his wife. It was not restricted to a demonstration of intent, but was presented to the members as an admission that appellant attacked his wife on May 19, 1998. Given the breadth of the argument, the prejudicial effect is not limited to the offenses involving intent to kill, but extends to all offenses arising from the alleged attack.
Excluding evidence of appellant’s silence and the other evidence determined to be inadmissible by the Court of Criminal Appeals, the only remaining evidence of guilt consisted of the testimony of appellant’s wife that he tried to strangle her with a Hefty garbage bag, a box of Hefty garbage bags with appellant’s fingerprints, and abrasions on Mrs. Alameda’s neck. See 57 MJ at 201. The issue in this ease is not whether such evidence would be adequate to establish the legal sufficiency of a conviction, see Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), but whether there is a reasonable possibility that the error “might have contributed to the conviction.” Chapman, 386 U.S. at 23, 87 S.Ct. 824. In the present ease, there is a substantial possibility that the members viewed trial counsel’s assertion—that the evidence demonstrated appellant’s consciousness of guilt—as substantially bolstering the credibility of the evidence against him, particularly the critical testimony from his wife. The prejudicial impact was compounded by the comments from the military judge which tended to validate trial counsel’s argument. “Under these cir *203 cumstances, it is completely impossible for us to say that the [Government] has demonstrated, beyond a reasonable doubt, that the [trial counsel’s] comments and the trial judge’s instruction did not contribute to [appellant’s] conviction.” Id. at 26, 87 S.Ct. 824. We should set aside the findings with respect to Charge I and authorize a rehearing.